The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford. The appealing party has shown good grounds to reconsider the evidence; rehear the parties or their representatives; and amend the Opinion and Award with regard to payment of Dr. Maher Habashi's medical bills and with regard to the pain clinic charges.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. A North Carolina Industrial Commission Form 21 Settlement Agreement approved April 15, 1992 appears in the Commission file.
2. On February 11, 1992, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On said date(s) the employer-employee relationship existed between the parties.
4. As of said date(s) the defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
5. That the plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on February 11, 1992.
6. On said date the plaintiff was earning an average weekly wage of $452.11.
7. That the issues to be determined in this case are:
 a. Are the injuries of which the plaintiff complains caused by and do they result from the accident occurring on February 11, 1992; and,
 b. If so, to what further compensation or medical treatment, if any, is the plaintiff entitled under the Act.
8. The defendant has paid compensation to the plaintiff through February 11, 1993, and the plaintiff is making no claim for compensation prior to that date.
9. On January 19, 1993, the plaintiff was medically rated with a ten percent permanent partial disability of his back.
10. The parties stipulate into the record an agreement of stipulations which was handed up at the hearing on December 6, 1993, a deposition of the plaintiff dated July 8, 1993 and a deposition of Dr. Maher Habashi dated September 10, 1993.
At the hearing on December 6, 1993, the parties introduced the following exhibits:
1. Plaintiff's Exhibit 1, marked P1, consisting of National Master Freight Agreement for April 1, 1991 to March 31, 1994 to which the defendant objects.
2. Defendant's Exhibit 1, marked D1, consisting of a medical report dated December 2, 1992.
3. Defendant's Exhibit 2, marked D2, consisting of an Investigation Report of November 23, 24 and 30, 1993.
4. Defendant's Exhibit 3, marked D3, consisting of a one hour video tape which is allowed in evidence upon condition that the defendant provides the plaintiff with a copy for viewing and the plaintiff is allowed at the closing of the record to file such exceptions and objections as he may deem suitable.
5. Defendant's Exhibit 4, marked D4, consisting of a written description of said video tape.
At the hearing on December 6, 1993, the defendant filed a Form 33R, and the plaintiff moved for sanctions based on defendant's infringement of the Rules of the Commission.
Subsequent to the hearing on December 6, 1993, the parties entered by stipulation the following documentation into the record:
1. On or about January 12, 1994, approximately fifty pages of medical records.
2. On or about February 18, 1994, the medical records and report of Dr. Grady E. Price in lieu of a deposition.
* * * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following:
FINDINGS OF FACT
1. On February 11, 1992, the plaintiff, thirty-one years of age at that time, with a ninth grade education who had been working for the defendant on two different occasions since 1988, sustained an injury by accident to his low back in the course and scope of his employment with the defendant while he was working as a loader.
2. Thereafter, the defendant assumed liability for the plaintiff's injuries and paid temporary total disability compensation benefits to the plaintiff through February 11, 1993, after which date the defendant was relieved from further payment of temporary total benefits by the approval of a Form 24 on March 31, 1994.
3. Subsequent to February 11, 1992, the plaintiff was medically treated for his injuries and medically examined with respect thereto until January 11, 1994, which included a medical opinion on December 2, 1992 that plaintiff had reached maximum medical improvement at that time and was sufficiently recovered from his injuries to return to light work with restrictions of lifting seventy-five pounds occasionally, thirty-five pounds frequently, fifteen pounds constantly and no repetitive bending, a diagnosis of muscle strain, a medical opinion that surgery was not recommended and that the services of a pain clinic were recommended.
4. From December 31, 1992 until September 7, 1993 the plaintiff was treated by Dr. Maher Habashi of Lincolnton, N.C., an orthopedic surgeon, who beginning March 1, 1993 requested authorization from the defendant to perform surgery on the plaintiff; said authorization was refused by the defendant based upon the opinions of the plaintiff's previous doctors that surgery was not recommended in the plaintiff's case.
5. The plaintiff never made a request to the Industrial Commission to approve the plaintiff's treatment by Dr. Habashi, and the defendant never issued its approval of such treatment.
6. The plaintiff's admitted and demonstrated ability to work on and after March 1, 1993 establishes that medical treatment by Dr. Habashi and the services of a pain clinic were and are not required to effect a cure or give relief; said medical treatment and services also would not and will not tend to lessen the period of disability.
7. Subsequent to December 2, 1992, the plaintiff did not return to work with the Employer, but continued to be medically treated for claimed pain symptoms until some time in September of 1993 when the plaintiff returned to work, working for a construction company doing heavy carpentry work, which apparently at that time he was having no difficulty performing.
8. On February 11, 1993, the plaintiff was called by the defendant, through its supervisor, to return to work for the defendant at a job which was designed to accommodate the medical restrictions placed on the plaintiff for light work, which job was not termed a "modified job" because of certain union requirements, which job was designed to accommodate the plaintiff's restrictions, the plaintiff refused to accept.
9. Thereafter and subsequent to February 11, 1993, the plaintiff performed carpentry work on at least a part-time basis until about September of 1993 when he began to work regularly on the construction work above referred to which he was able to perform without difficulty and which included lifting and bending, climbing ladders, lifting construction material overhead to workers above him and other strenuous tasks involved in the building of buildings, all as depicted on a video tape introduced as Defendant's Exhibit 3 and described on Defendant's Exhibit 4.
10. The plaintiff reached maximum medical improvement on December 2, 1992, when the plaintiff was medically rated and released to return to light work with restrictions.
11. The plaintiff has sustained a ten percent permanent partial disability of the back.
12. The plaintiff has lost no time from work for which he is entitled to further compensation other than the time for which he has been compensated by the defendant.
13. The plaintiff was earning an average weekly wage of $452.11 on February 11, 1992.
14. The defendant has paid to the plaintiff all compensation owed to the plaintiff, including compensation for the ten percent permanent partial disability as set forth in paragraph 11 above.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On February 11, 1992, the plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer.
2. In view of the fact that the plaintiff refused employment offered by the defendant at a time when he had been medically released to light work, which employment met the medical restrictions prescribed for the plaintiff's light work employment, the Full Commission concludes as a matter of law that the plaintiff is not entitled to any further temporary total disability compensation benefits other than those which the defendant has paid and the plaintiff has received.
3. The plaintiff is not owed any additional compensation permanent partial disability under the Act as a result of his February 11, 1992 accident.
4. As a result of the plaintiff's failure to request the Industrial Commission's approval of Dr. Habashi's medical treatment and the findings set forth in Finding of Fact number 6 above, the defendant is not required to pay medical expenses associated with the services heretofore provided to the plaintiff by Dr. Habashi.
5. Since as of at least September 1993, the plaintiff's back condition is such that he is able to do heavy construction work, the Full Commission is of the opinion and concludes that the plaintiff is not entitled to be treated at a pain clinic for relief of the pain which he claims with reference to his back and right leg.
6. The Full Commission is of the opinion that no prejudice has been created by the defendant's failure timely to file Form 33R and that plaintiff's Motion for Sanctions under Rule 37 of the Rules of Civil Procedure should be denied.
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. The defendant, if it has not already done so, shall pay to the plaintiff permanent partial disability compensation benefits for thirty weeks at the rate of $301.43 per week commencing December 2, 1992, less the attorney fee herein after provided.
2. Defendant shall pay all medical expense resulting from said injury up to the date of the hearing on December 6, 1993, except defendant is not obligated to pay the medical expenses associated with the services provided to the plaintiff by Dr. Habashi or for future pain clinic services.
3. An attorney fee of twenty-five percent of the compensation herein allowed is hereby approved and awarded to Kenneth L. Harris for his services to the plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
4. Plaintiff's Motion for Sanctions under Rule 37 of the Rules of Civil Procedure for failure of the defendant to file a Form 33R as required by Rule 603 of the Commission's Rules is denied.
5. Defendant shall pay the costs due this Commission.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ COY M. VANCE COMMISSIONER
S/ ________________________ THOMAS J. BOLCH COMMISSIONER